# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Guoming Xue,

Petitioner,

v.

Eric Rokosky,

Respondent.

No. CV-26-07696-PHX-CKJ

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) In an October 29, 2026 Order, the Court granted the petition in part and ordered Respondent to provide Petitioner with a bond hearing. (Doc. 9.) Judgment was entered on the same day. (Doc. 10.)

On November 9, 2026, Respondent filed an Amended Response (Doc. 11) stating that Petitioner's efforts to obtain a bond hearing have been complicated with issues pertaining to Petitioner's lawyers and that Petitioner's second hearing was scheduled without first notifying Petitioner's habeas counsel. Respondent further states that due to these events, the United States does not oppose Petitioner's release from custody.

The Court will vacate the Judgment, reopen this case, grant the Petition, and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1) The Judgment (Doc. 10) is **vacated**.

(2) The Clerk of Court must **reopen** this case.

(3) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release from custody. The remainder of the Petition is denied as moot.

(4) Respondent must immediately release Petitioner from custody.

(5) Respondent must provide a notice of compliance within **three (3) days** of this Order.

(6) Absent a significant change in Petitioner's circumstances, Respondent and his agents are enjoined from re-detaining Petitioner without **seven (7) days'** prior written notice and an opportunity for Petitioner to be heard by a neutral immigration judge regarding the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

(7) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 12th day of November, 2026.

Cindy K. Jorgenson

Honorable Cindy K. Jorgenson
United States District Judge